**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br><br>   v.<br><br>TIMBERLINE ENVIRONMENTAL SERVICES, TERRY NORTHCUTT AND JILL NORTHCUTT,<br><br>        Defendants. | 1:08-cv-0527 OWW GSA<br><br>SCHEDULING CONFERENCE ORDER<br><br>Discovery Cut-Off: 4/24/09<br><br>Non-Dispositive Motion Filing Deadline: 5/14/09<br><br>Dispositive Motion Filing Deadline: 5/25/09<br><br>Settlement Conference Date: 5/6/09 10:00 Ctrm. 10<br><br>Pre-Trial Conference Date: 8/3/09 11:00 Ctrm. 3<br><br>Trial Date: 9/15/09 9:00 Ctrm. 3 (JT-12 days) |

I.   Date of Scheduling Conference.

    August 21, 2008.

II.  Appearances Of Counsel.

    Kimberly A. Gaab, Esq., Assistant United States Attorney, appeared on behalf of Plaintiff.

    Nisson, Pincin & Hill by Timothy J. Nisson, Esq., appeared on behalf of Defendants.

///

1

III.  Summary of Pleadings.

    1.  The United States alleges that Defendants negligently started the White Fire, which ignited on or about August 19, 2001, on National Forest System lands within the Stanislaus National Forest, and as a result of conduct of Defendants' employees.  The United States alleges that Defendants' operation of heavy equipment and machinery, specifically feller, buncher and dozer equipment, caused the ignition of the White Fire, resulting in fire suppression costs; resource damages (including, but not limited to, rehabilitation and restoration costs, loss of timber, and loss of habitat and environmental values); investigative, accounting, collection and administrative costs; and interest and penalties.  This action is brought under both Federal and California law, including Federal and California common law, California Health and Safety Code §§ 13007-13009.1, California Public Resources Code § 4435, California Civil Code § 1714(a), 36 C.F.R. pt. 261, and 31 U.S.C. §§ 3711 and 3717.  The United States incorporates by reference its Complaint, filed April 17, 2008 (Doc. 1).

    2.  Defendant Timberline Environmental Services denies that it was negligent and denies that its operation of equipment caused the White Fire.  Defendant further denies that the United States suffered the extent of damages claimed.  Defendant denies that the amount of suppression costs and other damages claimed were reasonable, necessary, or supported by appropriate documentation.

IV.  Orders Re Amendments To Pleadings.

    1.  The parties do not anticipate amending the pleadings at

1  this time.

2  V.    Factual Summary.

3      A.   Admitted Facts Which Are Deemed Proven Without Further
4  Proceedings.

5          1.   On or about July 5, 2001, the United States
6  Department of Agriculture, Forest Service ("Forest Service")
7  awarded a contract to Defendant Timberline Environmental Services
8  to secure services to reduce fuels (biomass) within the Dry
9  Meadow Timber Sale area, located on the Summit Ranger District,
10 Stanislaus National Forest, by mechanical removal of small
11 standing green conifers and dead trees.

12         2.   In operating the heavy equipment and machinery,
13 and at all other times material to this action, Defendant
14 Timberline Environmental Services' employees acted within the
15 course and scope of their employment and were the agents and
16 servants of Defendant Timberline Environmental Services.

17         3.   The United States has made demands on Defendants
18 for payment of the costs and damages incurred by the United
19 States as a result of the White Fire.  Defendants have not paid
20 any part of the sum demanded by the United States.

21         4.   Timberline Environmental Services is a California
22 corporation doing business in the Eastern District of California
23 at times alleged in the Complaint.

24         5.   Defendants, Terry Northcutt and Jill Northcutt,
25 are individual residents of the Eastern District of California.

26    B.   Contested Facts.

27         1.   All remaining factual issues are disputed.

28 ///

3

VI. Legal Issues.

    A.    Uncontested.

        1.    Jurisdiction exists under 28 U.S.C. § 1345.

        2.    Venue is proper under 28 U.S.C. § 1391(b).

        3.    The parties agree that the substantive law of the State of California will provide the rule of decision as to applicable rules to some of the parties' conduct.

        4.    On August 10, 2007, the United States and Defendants entered into an agreement tolling the statute of limitations for the United States' civil claims arising out of the White Fire. On or about March 5, 2008, Defendants sent written notice of termination of the tolling agreement, received by the United States on March 10, 2008. Pursuant to its terms, the tolling agreement terminated on April 24, 2008, 45 days after the date the written termination notice was received by the United States.

    B.    Contested.

        1.    All other legal issues are disputed.

VII. Consent to Magistrate Judge Jurisdiction.

    1.    The parties have not consented to transfer the case to the Magistrate Judge for all purposes, including trial.

VIII.    Corporate Identification Statement.

    1.    Any nongovernmental corporate party to any action in this court shall file a statement identifying all its parent corporations and listing any entity that owns 10% or more of the party's equity securities. A party shall file the statement with its initial pleading filed in this court and shall supplement the statement within a reasonable time of any change in the

information.

IX.   Discovery Plan and Cut-Off Date.

    1.   The parties' initial disclosures shall be made on or before September 5, 2008.

    2.   The parties are ordered to complete all non-expert discovery on or before February 20, 2009.

    3.   The parties are directed to disclose all expert witnesses, in writing, on or before March 6, 2009.  Any supplemental or rebuttal expert disclosures will be made on or before March 27, 2009.  The parties will comply with the provisions of Federal Rule of Civil Procedure 26(a)(2) regarding their expert designations.  Local Rule 16-240(a) notwithstanding, the written designation of experts shall be made pursuant to F. R. Civ. P. Rule 26(a)(2), (A) and (B) and shall include all information required thereunder.  Failure to designate experts in compliance with this order may result in the Court excluding the testimony or other evidence offered through such experts that are not disclosed pursuant to this order.

    4.   The parties are ordered to complete all discovery, including experts, on or before April 24, 2009.

    5.   The provisions of F. R. Civ. P. 26(b)(4) shall apply to all discovery relating to experts and their opinions. Experts may be fully prepared to be examined on all subjects and opinions included in the designation.  Failure to comply will result in the imposition of sanctions.

X.   Pre-Trial Motion Schedule.

    1.   All Non-Dispositive Pre-Trial Motions, including any discovery motions, will be filed on or before May 14, 2009, and

1  heard on June 19, 2009, at 9:00 a.m. before Magistrate Judge Gary
2  S. Austin in Courtroom 10.
3     2.   In scheduling such motions, the Magistrate
4  Judge may grant applications for an order shortening time
5  pursuant to Local Rule 142(d).  However, if counsel does not
6  obtain an order shortening time, the notice of motion must comply
7  with Local Rule 251.
8     3.   All Dispositive Pre-Trial Motions are to be
9  filed no later than May 25, 2009, and will be heard on June 29,
10 2009, at 10:00 a.m. before the Honorable Oliver W. Wanger, United
11 States District Judge, in Courtroom 3, 7th Floor.  In scheduling
12 such motions, counsel shall comply with Local Rule 230.
13 XI.  Pre-Trial Conference Date.
14    1.   August 3, 2009, at 11:00 a.m. in Courtroom 3, 7th
15 Floor, before the Honorable Oliver W. Wanger, United States
16 District Judge.
17    2.   The parties are ordered to file a Joint Pre-
18 Trial Statement pursuant to Local Rule 281(a)(2).
19    3.   Counsel's attention is directed to Rules 281
20 and 282 of the Local Rules of Practice for the Eastern District
21 of California, as to the obligations of counsel in preparing for
22 the pre-trial conference.  The Court will insist upon strict
23 compliance with those rules.
24 XII. Motions - Hard Copy.
25    1.   The parties shall submit one (1) courtesy paper copy to
26 the Court of any motions filed that exceed ten pages and any
27 motions that have exhibits attached.  Exhibits shall be marked
28 with <u>protruding numbered or lettered tabs</u> so that the Court can

6

easily identify such exhibits.

XIII.   Trial Date.

   1.   September 15, 2009, at the hour of 9:00 a.m. in Courtroom 3, 7th Floor, before the Honorable Oliver W. Wanger, United States District Judge.

   2.   This is a jury trial.

   3.   Counsels' Estimate Of Trial Time:
      a.   12 days.

   4.   Counsels' attention is directed to Local Rules of Practice for the Eastern District of California, Rule 285.

XIV. Settlement Conference.

   1.   A Settlement Conference is scheduled for May 6, 2009, at 10:00 a.m. in Courtroom 10 before the Honorable Gary S. Austin, United States Magistrate Judge.

   2.   Unless otherwise permitted in advance by the Court, the attorneys who will try the case shall appear at the Settlement Conference with the parties and the person or persons having full authority to negotiate and settle the case on any terms at the conference.

   3.   Permission for a party [not attorney] to attend by telephone may be granted upon request, by letter, with a copy to the other parties, if the party [not attorney] lives and works outside the Eastern District of California, and attendance in person would constitute a hardship.  If telephone attendance is allowed, the party must be immediately available throughout the conference until excused regardless of time zone differences. Any other special arrangements desired in cases where settlement authority rests with a governing body, shall also be proposed in

7

advance by letter copied to all other parties.

4.   Confidential Settlement Conference Statement. At least five (5) days prior to the Settlement Conference the parties shall submit, directly to the Magistrate Judge's chambers, a confidential settlement conference statement. The statement should not be filed with the Clerk of the Court nor served on any other party. Each statement shall be clearly marked "confidential" with the date and time of the Settlement Conference indicated prominently thereon. Counsel are urged to request the return of their statements if settlement is not achieved and if such a request is not made the Court will dispose of the statement.

5.   The Confidential Settlement Conference Statement shall include the following:

    a.   A brief statement of the facts of the case.

    b.   A brief statement of the claims and defenses, i.e., statutory or other grounds upon which the claims are founded; a forthright evaluation of the parties' likelihood of prevailing on the claims and defenses; and a description of the major issues in dispute.

    c.   A summary of the proceedings to date.

    d.   An estimate of the cost and time to be expended for further discovery, pre-trial and trial.

    e.   The relief sought.

    f.   The parties' position on settlement, including present demands and offers and a history of past settlement discussions, offers and demands.

XV. Request For Bifurcation, Appointment Of Special Master, Or Other Techniques To Shorten Trial.

    1.   None.

XVI. Related Matters Pending.

    1.   There are no related matters.

XVII.   Compliance With Federal Procedure.

    1.   The Court requires compliance with the Federal Rules of Civil Procedure and the Local Rules of Practice for the Eastern District of California. To aid the court in the efficient administration of this case, all counsel are directed to familiarize themselves with the Federal Rules of Civil Procedure and the Local Rules of Practice of the Eastern District of California, and keep abreast of any amendments thereto.

XVIII.   Effect Of This Order.

    1.   The foregoing order represents the best estimate of the court and counsel as to the agenda most suitable to bring this case to resolution. The trial date reserved is specifically reserved for this case. If the parties determine at any time that the schedule outlined in this order cannot be met, counsel are ordered to notify the court immediately of that fact so that adjustments may be made, either by stipulation or by subsequent scheduling conference.

    2.   Stipulations extending the deadlines contained herein will not be considered unless they are accompanied by affidavits or declarations, and where appropriate attached exhibits, which establish good cause for granting the relief requested.

    3.   Failure to comply with this order may result in

1  **the imposition of sanctions.**

4  IT IS SO ORDERED.

5  **Dated:    August 21, 2008**                         **/s/ Oliver W. Wanger**
                                              UNITED STATES DISTRICT JUDGE